**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| ALEXIS Q.H., | Case No. 26-CV-1791 (NEB/EMB) |
| Petitioner, | |
| v. | |
| PAMELA BONDI, Attorney General, KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, Director, El Paso Field Office, Immigration Customs Enforcement and Removal Operations; and WARDEN OF ERO EL PASO CAMP EAST MONTANA, | AMENDED ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |
| Respondents. | |

---

This matter is before the Court on Petitioner Alexis Q.H.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Alexis Q.H. is a citizen of Nicaragua who has lived in the United States since March 2022, when he entered the country without inspection.

On January 23, 2026, Immigration and Customs Enforcement ("ICE") took Alexis Q.H. into custody. Alexis Q.H. was transported to El Paso, Texas after his arrest, where he remains in detention.

On March 9, 2026, Alexis Q.H. filed this habeas action challenging his detention under 28 U.S.C. § 2241. In their response to the Petition, Respondents ask the Court to

transfer the Petition to the United States District Court for the Southern District of Texas. (ECF No. 6 at 2.[1])

Generally, habeas petitions seeking to challenge present physical custody should (1) name the petitioner's immediate custodian as a respondent; and (2) be filed in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35, 443–44 (2004). Alexis Q.H. does not dispute this basic rule governing habeas petitions. (*See* ECF No. 7 at 2.)

But the United States Supreme Court has acknowledged that when "a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules." *Padilla*, 542 U.S. at 450 n. 18.

For that reason, the concurrence in *Padilla* recognized an exception to these rules "if there is an indication that the Government's purpose in removing a prisoner were to make it difficult for her lawyer to know where the habeas petition should be filed, or where the Government was not forthcoming with respect to the identity of the custodian and the place of detention." *Id.* at 454 (Kennedy J., concurring, joined by O'Connor, J.). In those situations, and others similar, habeas jurisdiction lies in the district from which "the petitioner had been removed." *Id.*

---

[1] All page citations to the record or other dockets reference ECF pagination.

While the Supreme Court majority has not formally adopted such an exception, courts nationwide have recognized and applied it. *See Ozturk v. Trump*, 777 F. Supp. 3d 26, 37–38 (D. Mass. 2025) (collecting cases); *Suri v. Trump*, 785 F. Supp. 3d 128, 144–45 (E.D. Va. 2025) (recognizing and applying the exception), *aff'd*, No. 25-1560, 2025 WL 1806692, at *4 (4th Cir. July 1, 2025) (same) (noting the Fourth Circuit's previous application of the exception in *United States v. Moussaoui*, 382 F.3d 453 (4th Cir. 2004)); *Tacuri ex rel. Guanoluisa v. Francis*, No. 25-CV-07012 (JAV), 2025 WL 3459377, at *3–4 (S.D.N.Y. Dec. 2, 2025) (recognizing and applying the exception); *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 392–94 (D.N.J. 2025) (same). This includes many courts in this District. *See Aleksander B. v. Trump*, No. 26-CV-170 (KMM/DJF), 2026 WL 172435, at *2 (D. Minn. Jan. 22, 2026) (collecting cases from this District).

But the Court cannot conclude that any exception applies here because Alexis Q.H.'s Petition fails to allege the type of facts that would warrant deviating from the general habeas forum rules. In a late reply to Respondents' motion to transfer, Alexis Q.H. broadly asserts that venue is proper in the District of Minnesota because "Respondents made the calculated decision to relocate him to a place where his is distant from his place of residence, distant from his retained counsel, distant from his entire support system and, in general, disabled from mounting an adequate defense." (ECF No. 7 at 2.) He does not provide any specific facts to support this allegation.

3

Alexis Q.H. filed his Petition over a month after his arrest and transfer from the State. He makes no allegation that the reason for this delay was because no one knew where he was or because he could not communicate with anyone. His Petition does not allege that, at the time of filing, counsel reasonably believed Alexis Q.H. was in Minnesota; the Petition is clear that Alexis Q.H. was in Texas at the time of filing. He does not allege that Respondents have denied him access to legal counsel or that they transferred him so quickly that he was denied a meaningful opportunity to speak with counsel, or anyone else for that matter. Nor does he allege that, in the time leading up to filing his Petition, his location was unavailable on the ICE Detainee Online Locator System and that no one could locate him despite diligent efforts.

Further, he has not argued that Respondents impeded counsel's ability to determine the proper forum for filing the habeas petition, withheld information regarding the identity of his immediate custodian, or obscured his location. Alexis Q.H. does not make any specific factual allegations that the delay in filing his Petition was caused by difficulty accessing counsel due to Respondents' actions or practices. He does not, for example, allege that he had no access to phone calls, attorney visitation, or information about free legal services. Nor does his Petition allege that his family had been unable to contact him despite multiple efforts. The Petition does not allege that it lacks

4

allegations of this kind because Respondents' practices have stifled the ability of family or counsel to obtain this type of information.

This case therefore does not raise the same "race against the airplane" or access-to-counsel concerns that were present in other cases in which the Court declined to transfer habeas petitions. *See Neri R.C. v. Bondi*, No. 26-CV-912 (NEB/EMB) (D. Minn. Feb. 13, 2026), ECF No. 9 (declining to transfer case because the petitioner sufficiently alleged a "race against the airplane" warranting application of the exception contemplated by the *Padilla* concurrence); *Victor C.S. v. Bondi*, No. 26-CV-1366 (NEB/DLM) (D. Minn. Feb. 16, 2026), ECF No. 8 (declining to transfer case because the petitioner sufficiently alleged facts that the government impeded petitioner's access to counsel and was not forthcoming with petitioner's place of detention).

Alexis Q.H.'s Petition was not filed in his district of confinement, and no exception to the habeas forum rules applies, so the Court transfers the case to the United States District Court for the Western District of Texas.[2]

---

[2] Respondents request that the Court transfer this case to the Southern District of Texas, but El Paso—where Alexis Q.H. is currently detained—is located in the Western District.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS

HEREBY ORDERED THAT the Clerk of Court is directed to transfer this case to the

United States District Court for the Western District of Texas.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 13, 2026
Time: 3:57 p.m.

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge